UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH,<br>        Petitioner,<br><br>    v.<br><br>CRAIG LEWIS,<br>        Respondent. | Case No. 13-cv-03092-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

    This federal action was filed as a petition for writ of habeas corpus. Upon review, it is clear that the petitioner, Jarmaal Smith, challenges the conditions of confinement, rather than the legality or duration of his incarceration. Therefore, if Smith prevails here it will not affect the length of his incarceration on the new charges under which he is currently detained. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979).

    In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so and there are reasons why the plaintiff might not want the Court to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For instance, the

filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Smith if the Court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice to him filing a civil rights action if he wishes to do so in light of the above. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 29, 2013



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JARMAAL SMITH,

        Plaintiff,

  v.

GREG LEWIS et al,

        Defendant.

Case Number: CV13-03092 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 29, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Jarmaal Smith T76804
Pelican Bay State Prison SHU/C-12 #214
P.O. Box 7500
Crescent City, CA 95532

Dated: October 29, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk